MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:   (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:      Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**

APR 15 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-70179 MAG |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MICHAEL MATTHEW MADISON, | |
| Defendant. | Current Hearing Date:  April 17 2015<br>Proposed Hearing Date:  May 15, 2015 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Michael Matthew Madison (MADISON), by and through his counsel of record, Assistant Federal Public Defender John Paul Reichmuth, hereby stipulate as follows:

    1.    On February 17, 2015, the Honorable Kandis A. Westmore signed a federal criminal complaint charging defendant with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

1

On February 19, 2015, defendant made his initial appearance and was arraigned on the criminal complaint. On February 24, 2015, defendant waived his right to a preliminary hearing under Federal Rule of Criminal Procedure 5.

2. On March 17, 2015, a status conference was held before the Honorable Kandis A. Westmore, United States Magistrate Judge. At that hearing, the defendant waived his right to be charged by indictment or information in the time period set forth under 18 U.S.C. § 3161(b) and excluded time under the Speedy Trial Act for effective preparation of counsel under 18 U.S.C. § 3161(h)(7)(B)(iv) from March 17, 2015, to April 17, 2015.

3. A status conference hearing before this Court is scheduled for 9:30 a.m. on Friday, April 17, 2015. Under 18 U.S.C. § 3161(b), the Speedy Trial Act requires that defendant be charged by indictment or information by Tuesday, April 21, 2015. A hearing for arraignment on indictment or information is presently set for Friday, April 17, 2015.

4. The government has produced approximately 130 pages of discovery relating to defendant's arrest and criminal history and anticipates producing at least 200 more pages of discovery. The government and defendant are exploring the potential for a pre-indictment disposition. Counsel for defendant MADISON requires additional time to obtain and review discovery and in light of that discovery to discuss and negotiate a potential pre-indictment disposition for defendant or to file pre-indictment motions. In particular, counsel for defendant is researching the applicability of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to defendant and analyzing how that section (which carries a mandatory minimum 15-year sentence for a violation of 922(g)(1) by a defendant with qualifying prior convictions) may or may not apply to defendant and how that section impacts defendant's plea and litigation strategy.

5. Thus, counsel for defendant MADISON represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-indictment and/or pre-trial motions, review the discovery already produced and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pre-indictment resolution does not occur. Defense

counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties agree that the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

6.  Defendant represents that he understands that he has a right under 18 U.S.C. § 3161(b) to be charged by information or indictment with the offenses alleged in the pending criminal complaint by April 21, 2015. Defendant further represents that he knowingly and voluntarily waives that right and agrees to exclude the time to be charged by indictment or information to May 15, 2015.

7.  For purposes of computing the date under the Speedy Trial Act by which defendant must be charged by indictment or information, the parties agree that the time period of April 17, 2015, to March 15, 2015, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the period specified in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///
///
///

3

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

Dated: April 13, 2015

MELINDA HAAG
United States Attorney

_____
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

_____        4/15/15
JOHN PAUL REICHMUTH                    Date
Attorney for Defendant
Michael Matthew Madison

_____        4-15-15
MICHAEL MATTHEW MADISON                Date
Defendant

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for arraignment on information or indictment in this matter scheduled for April 17, 2015, is continued to 9:30 a.m. on Friday, May 15, 2015. The time period of April 17, 2015, to May 15, 2015, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

4/15/15
DATE

HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE